Argued May 27, affirmed June 23, 1975

HAROLD A. BOLING, Administrator of the
Estate of Aretta Boling, Deceased, *Appellant, v.*
PARRETT et al (No. 392988), *Respondents.*

536 P2d 1272

*L. B. Sandblast,* Portland, argued the cause and filed the briefs for appellant.

*Edward H. Warren,* Portland, argued the cause for respondent Nolan Parrett. With him on the bri.. were Hershiser, Mitchell & Warren, Portland.

*Martin B. Vidgoff,* Special Counsel, Portland, argued the cause for respondent Scott Palmer. With him on the brief was George M. Joseph, County Counsel, Portland.

Before SCHWAB, Chief Judge, and THORNTON and LEE, Judges.

THORNTON, J.

Plaintiff appeals from a judgment for defendants entered following a trial to the court without a jury.

Plaintiff brought an action for alleged conversion by defendants of some 20 dogs owned by plaintiff's late wife. Defendant Parrett was a Portland police officer. Defendant Palmer was a county animal control officer. The dogs involved were being maintained by plaintiff's wife inside the couple's home at the time of the alleged wrongful seizure and conversion by defendants.

The case arose out of the following described incident:

The Portland city police received a complaint from a neighbor that the dogs involved were creating a disturbance. When Officer Parrett arrived at plaintiff's home to investigate, he heard dogs barking inside and observed another large dog running loose and barking outside the house. He knocked on the door several times but was unable to obtain any response. He then contacted the county animal shelter which dispatched defendant Palmer to the scene. Investigating further the two men observed plaintiff's wife lying on a bed in an apparently debilitated condition. They again knocked on the door. Still obtaining no response, they entered the house and found a number of the dogs barking and fighting. Two were badly injured. The floor was covered with dog excrement. Plaintiff's wife was lying on the bed with a gallon jug of wine nearby and was apparently badly intoxicated. Efforts to communicate with her were

unavailing. Defendant Palmer noted that the dogs were suffering from disease and malnutrition.

After obtaining advice from the district attorney, the officers issued a citation to plaintiff's wife for cruelty to animals by neglect. Defendant Palmer then took the dogs into protective custody and transported them to the animal shelter, where all but five subsequently died.

Defendants based their defense on the proposition that they were acting in good faith, on probable cause and pursuant to lawful authority.

The main thrust of plaintiff's assignments seems to be that defendants' affirmative defense is legally irrelevant; that the same is not a legal defense in an action for conversion; and that the trial court erred in allowing defendants to introduce certain evidence tending to establish this defense.

We have examined each of plaintiff's assignments and authorities and conclude that plaintiff's contentions cannot be sustained. We agree with the trial judge that plaintiff failed to prove an unlawful taking. The evidence established that the officers were acting pursuant to law (ORS 133.377),[1] in good faith and upon probable cause. There could be no conver-

---

[1] ORS 133.377 provides:

"(1) Any person violating ORS 167.850 may be arrested and held without warrant, in the same manner as in case of persons found breaking the peace.

"(2) The person making the arrest, with or without warrant, shall use reasonable diligence to give notice thereof to the owners of the animals found in the charge of the person arrested, and shall properly care and provide for such animals until the owners or their duly authorized agents take charge of them; provided, such owners or agents shall claim and take charge of the animals within 60 days from the date of said notice.

"(3) The person making such arrest shall have a lien upon the animals for the expense of such care and provisions."

sion as a matter of law under the above circumstances. *See, Mustola v. Toddy,* 253 Or 658, 456 P2d 1004 (1969). *Accord: State Forester v. Umpqua River Nav.,* 258 Or 10, 478 P2d 631, *cert denied* 404 US 826 (1971).

Affirmed.